**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHIRA WHITE, on behalf of herself and all others similarly situated, | Civil Case No.: |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| KELLY, GROSSMAN & KERRIGAN, LLP and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, SHIRA WHITE on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants, KELLY, GROSSMAN & KERRIGAN, LLP ("KGK"), and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## **DEFINITIONS**

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## **PARTIES**

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person, a resident of New York County, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      KGK is a domestic limited liability partnership law firm which maintains a location at 1248 Montauk Highway, West Islip, New York 11795.

8.      Upon information and belief, KGK uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.      KGK regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10.     KGK is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6), and it uses litigation and non-litigation methods in its attempts to collect debts.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New York consumers and their successors in interest (the "Class"), who were subject to collection attempts which are in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Class is initially defined as:

> All New York consumers who KGK sent initial letters and/or notices attempting to collect a debt for another, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form of conduct;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

   a.     Whether the Defendant violated various provisions of the FDCPA;

b.    Whether Plaintiff and the Class have been injured by the Defendant's conduct;

c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class

members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.    Sometime prior to December 3, 2021, Plaintiff allegedly incurred a financial obligation to Sleepworks 3, Inc.("Sleepworks")

16.    The SLEEPWORKS obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.    The SLEEPWORKS obligation did not arise out of a business transaction.

18.    The SLEEPWORKS obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

19.    SLEEPWORKS is a "creditor" as defined by 15 U.S.C. § 1692a(4).

20.    Sometime prior to December 3, 2021 SLEEPWORKS, either directly or through intermediate transactions assigned, placed, or transferred the SLEEPWORKS obligation to KGK for the purpose of collection.

21.     At the time SLEEPWORKS placed or transferred the SLEEPWORKS obligation to KGK, the obligation was past due.

22.     At the time SLEEPWORKS placed or transferred the SLEEPWORKS obligation to KGK, the obligation was in default.

23.     KGK caused to be delivered to Plaintiff a letter and/or notice dated December 3, 2021, concerning the alleged SLEEPWORKS obligation.  A copy of said letter/notice is annexed hereto as **Exhibit A** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

24.     The December 3, 2021 letter/notice was sent to Plaintiff in connection with the collection of the SLEEPWORKS obligation.

25.     The December 3, 2021 letter/notice is a "communication" as defined by 15 U.S.C. § 1692a(2).

26.     The December 3, 2021 letter/notice was the initial written communication that Plaintiff received from KGK.

27.     No other written communication was received by Plaintiff from KGK within five days of the December 3, 2021 letter/notice.

28.     Plaintiff received the December 3, 2021 letter/notice sometime after December 3, 2021.

29.     Upon receipt, Plaintiff read the December 3, 2021 letter/notice.

30.     The December letter notice stated in part:

Commercial Claim Arising Out of a Consumer Transaction

DEMAND LETTER

31.     The December 3, 2021 letter notice further stated in part: "You have not paid a debt owed to Sleepworks 3, INC which you incurred on April 17, 2021. The amount remaining unpaid on the debt is $14,175.46. Demand is hereby made that this money be paid. Unless payment of this amount is received by the undersigned no later than January 3, 2021, a lawsuit will be brought against you in the Commercial Claims Part of Court"

32.     The signature at the end of the letter notice is "Daniel Grossman".

33.      Daniel Grossman is a named partner of KGK.

34.     The "Typed or Printed Name and Address of Claimant" is "Sleepworks 3, c/o Kelly, Grossman & Kerrigan".

35.     There is no agreement or law permitting KGK to collect $14,175.46 from Plaintiff.

36.     The December 3, 2021 letter/notice does not contain a notice advising Plaintiff that KGK is a debt collector, attempting to collect a debt and that any information obtained will be used for that purpose as required by 15 U.S.C. § 1692e(11).

37.     The December 3, 2021 letter/notice does not contain any of the notices required by 15 U.S.C. § 1692g(a)(3) through (5) to be given to Plaintiff.

38.     KGK's threat in the December 3, 2021 letter/notice that litigation would be initiated if Plaintiff did not receive payment of the debt by January 3, 2022 overshadows and contradicts the protections afforded Plaintiff by 15 U.S.C. § 1692g(a)(3) through (5).

39.     KGK knew or should have known that its actions violated the FDCPA.

40.     KGK could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

41.     It is Defendant's policy and practice to violate the FDCPA, by *inter alia*:

(a)     Falsely representing the character, amount or legal status of a debt;

(b)     Failing to provide the proper notice pursuant to 15 U.S.C. 1692e(11);

(c)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(d)     Using unfair or unconscionable means to collect or attempt to collect a debt;

(e)     Failing to provide the notices pursuant to 15 U.S.C. 1692g;

(f)     Including language that overshadows or is inconsistent with the disclosure of the consumer's right to dispute the debt.

42.     On information and belief, there are at least 40 natural persons in the state of New York with one year of this Complaint who were subject to the conduct complained of herein.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e et seq.

43.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

44.     Collection letters and/or notices, such as those sent by KGK, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

45.     KGK violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

46.     15 U.S.C. § 1692e prohibits a debt collector from using false, deceptive or misleading representation or means in connection with the collection of any debt.

47.     KGK violated 15 U.S.C. § 1692e of the FDCPA by using false, deceptive, misleading representations and means in connection with its attempts to collect the alleged debt from Plaintiff and others similarly situated.

48.     15 U.S.C. § 1692e(2)(A) provides that a debt collector may not falsely represent the character, amount, or legal status of any debt.

49. KGK violated 15 U.S.C. §1692e(2)(A) by falsely stating that the amount of the debt is $14,175.46.

50.     KGK violated 15 U.S.C. §1692e(2)(A) by falsely representing the amount of the debt in the December 3, 2021 letter/notice to Plaintiff.

51.     15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt.

52.     KGK violated 15 U.S.C. §1692e(10) by stating that the amount of the debt is $14,175.46.

53.     KGK violated 15 U.S.C. §1692e(10) by falsely representing the amount of the debt in the December 3, 2021 letter/notice to Plaintiff.

54.     15 U.S.C §1692e(11) provides that a debt collector must disclose in the initial communication with the consumer that the debt collector is attempting to collect a debt and that any information will used for that purpose.

55.     KGK violated 15 U.S.C. §1692e(11) by failing to contain the proper notice in the December 3, 2021 letter/notice to Plaintiff.

56.     Plaintiff suffered an informational injury due to KGK'S violation of 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff.

57.    Plaintiff suffered a risk of economic injury due to KGK'S violation of 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff.

### COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f et seq.

58.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

59.    15 U.S.C. § 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt

60.    KGK violated 15 U.S.C. § 1692f et seq. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

61.    15 U.S.C. § 1692f(1) prohibits debt collectors from collecting any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

62.    By stating that the amount of the debt is $14,175.46 in its December 3, 2021 letter/notice, KGK used unfair or unconscionable means to collect or attempt to collect any debt from Plaintiff and others similarly situated, in violation of 15 U.S.C. § 1692f.

63.    By stating that the amount of the debt is $14,175.46 in its December 3, 2021 letter/notice, KGK used unfair or unconscionable means to collect or attempt to collect any debt from Plaintiff and others similarly situated, in violation of 15 U.S.C. § 1692f(1) as there is no agreement or law permitting KGK to collect $14,175.46 from Plaintiff.

64.    Plaintiff suffered an informational injury due to KGK's violation of 15 U.S.C. § 1692f and § 1692f(1) of the FDCPA in connection with its communications to Plaintiff.

65.    Plaintiff suffered a risk of economic injury due to KGK violation of 15 U.S.C. § 1692f and § 1692f(1) of the FDCPA in connection with its communications to Plaintiff.

## COUNT III

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g et seq.

66.    Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

67.    15 U.S.C. § 1692g(a) requires that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

> **1)** the amount of the debt;
>
> **\*\*\***
>
> **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

68.    KGK violated 15 U.S.C. § 1692g(a)(1) by failing to state the amount of the debt as Plaintiff did not owe $14,175.46.

69.     KGK violated 15 U.S.C. § 1692g by failing to provide the proper notice pursuant to Section 1692g(a)(3) of the FDCPA.

70.     KGK violated 15 U.S.C. § 1692g by failing to provide the proper notice pursuant to Section 1692g(a)(4) of the FDCPA.

71.     KGK violated 15 U.S.C. § 1692g by failing to provide the proper notice pursuant to Section 1692g(a)(5) of the FDCPA.

72.     15 U.S.C. 1692g(b) states that any collection activities and communication during the 30-day period in Section 1692g(a) may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt.

73.     KGK violated 15 U.S.C. 1692g(b) by threating in the December 3, 2021 letter/notice that litigation would be initiated if Plaintiff did not receive payment of the debt by January 3, 2022.

74.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

75.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

76.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

77.     Plaintiff and others similarly situated were sent letters and/or Complaints, which have the propensity to affect their decision-making with regard to the debt.

78.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

79.     Plaintiff has suffered damages and other harm as a direct result of Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest;

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: May 24, 2022

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.
jkj@legaljones.com

*s/ Benjamin J. Wolf*
Benjamin J. Wolf, Esq.
bwolf@legaljones.com
JONES, WOLF& KAPASI, LLC
One Grand Central Place
60 East 42nd Street 46th Floor
New York, New York 10165
Phone: (646) 459 7971
Fax: (646) 459 7973
*Attorneys for Plaintiff*

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a

trial by jury on all issues so triable.

*s/ Joseph K. Jones*
Joseph K. Jones, Esq.

# Exhibit

# A

DC 292                                                                    UCS-124 (Rev. 11/90)

## Commercial Claim Arising Out of a Consumer Transaction

### DEMAND LETTER

TO: Shira White                                            Date: 12/3/2021
_____
**Name of Defendant**

New York, New York
_____

**Address**

You have not paid a debt owed to Sleepworks 3, INC
which you incurred on April 17 _____, 20 21 . The amount
remaining unpaid on the debt is $ 14,175.46 . Demand is hereby made that this money be paid. Unless payment
of this amount is received by the undersigned no later than January 3 _____, 20 21 , a lawsuit will
be brought against you in the Commercial Claims Part of the Court.

If a lawsuit is brought, you will be notified of the hearing date, and you will be entitled to appear at the hearing and
present any defense you may have to this claim.

(If applicable) Our records show that you have made the following payment in partial satisfaction of this debt (fill in
dates and amounts paid) Not Applicable .

A copy of the original debt instrument – your agreement to pay – is attached. [The names and addresses of the
parties to that original debt agreement are _____

Sleepworks Massapequa, 5068 Sunrise Highway, Massapequa, New York 11762 and

Shira White, ██████████ New York, New York ██████

(to be completed if claimant was not a party to the original transaction)].

*David Grossman*

Sleepworks 3, c/o Kelly, Grossman & Kerrigan, LLP
_____
**Typed or Printed Name and Address
of Claimant**

16-0193., 04/03/zi

A FREE DISTRICT COURT FORM          http://nycourts.gov/suffolkdistrict

no fee may be charged to fill in this form

# USPS Tracking®

FAQs ›

Track Another Package +

**Tracking Number:** [redacted]

Remove X

Your item was delivered to the front desk, reception area, or mail room at 4:00 pm on December 8, 2021 in NEW YORK, NY 10024.

Feedback

**USPS Tracking Plus® Available ∨**

## Delivered, Front Desk/Reception/Mail Room

December 8, 2021 at 4:00 pm
NEW YORK, NY [redacted]

**Get Updates ∨**

**Text & Email Updates** ∨

**Tracking History** ∧

**December 8, 2021, 4:00 pm**

Delivered, Front Desk/Reception/Mail Room

NEW YORK, NY [redacted]

Your item was delivered to the front desk, reception area, or mail room at 4:00 pm on December 8, 2021 in NEW YORK, NY 10024.

---

**December 8, 2021, 1:19 am**

Departed USPS Regional Facility

NEW YORK NY DISTRIBUTION CENTER

---

**December 7, 2021, 10:45 am**

Arrived at USPS Regional Facility

NEW YORK NY DISTRIBUTION CENTER

---

**December 6, 2021, 10:00 pm**

Arrived at USPS Regional Facility

MID NY DISTRIBUTION CENTER

---

**December 6, 2021, 8:45 pm**

Accepted at USPS Origin Facility

WEST ISLIP, NY 11795

---

**December 3, 2021, 9:36 pm**

Shipping Label Created, USPS Awaiting Item

WEST ISLIP, NY 11795

---

**December 3, 2021**

Pre-Shipment Info Sent to USPS, USPS Awaiting Item

---

Feedback

Feedback

USPS Tracking Plus®

Product Information

See Less ⌄

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

FAQs